IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCES FERRONE, | : | No. 4:CV-06-2198 |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| GNOC CORP., Individually and t/a the Atlantic City Hilton, and RIH ACQUISITIONS, N.J., LLC., Individually and t/a the Atlantic City Hilton, | : | |
| Defendants | : | |

## MEMORANDUM

April 5, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On November 9, 2006 Plaintiff Frances Ferrone, a Pennsylvania resident, initiated the instant action alleging that she suffered injuries when she was struck by a door in the Defendants' hotel located in Atlantic City, New Jersey. (Rec. Doc. 1). This case was referred to Magistrate Judge Mannion for preliminary review.

On January 4, 2007, the Defendants filed a motion to dismiss the Plaintiff's complaint for lack of personal jurisdiction, or, in the alternative, to transfer the action to the United States District Court for the District of New Jersey because venue is improper in the Middle District of Pennsylvania. On January 9, 2007, the Defendants filed a certificate of concurrence on the docket, indicating that while

the Plaintiff did not concur with dismissal of the action, she did concur with transfer of venue to the District of New Jersey. (Rec. Doc. 3).

On March 16, 2007, the Magistrate Judge issued a Report and Recommendation (doc. 6), recommending that the Court transfer this action to the United States District Court for the District of New Jersey. Objections to Magistrate Judge Mannion's Report were due by April 2, 2007, and to date, none have been received. This matter is therefore ripe for disposition.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Mannion's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate

Judge's report.

First, Magistrate Judge Mannion correctly notes that pursuant to 28 U.S.C. § 1391(a), in a civil action based solely upon diversity jurisdiction, venue is only proper in a judicial district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated; or (3) where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. While the plaintiff's choice of venue should not lightly be disturbed, it is not conclusive, and a court must look at the factors set forth in 28 U.S.C. § 1404(a) in rendering an appropriate decision that is in the interest of justice. See Jumara v. State Farm Insurance Company, 55 F.3d 873, 879 (3d Cir. 1995). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Second, Magistrate Judge Mannion finds, and we agree, that upon review of the Plaintiff's complaint, it is clear that the Defendants do not reside in Pennsylvania, and all of the events that are the subject of the Plaintiff's complaint occurred in New Jersey. Accordingly, Magistrate Judge Mannion recommends

that this action be transferred to the District of New Jersey, noting that the litigation is in its early stages and based upon the allegations in the complaint, any potential witnesses would be located in the District of New Jersey. Furthermore, the Plaintiff's concurrence in transfer of venue indicates that she will not be prejudiced by the proposed transfer.

Our review of this case obviously confirms Magistrate Judge Mannion's determinations. Because we find no error in Magistrate Judge Mannion's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein. An appropriate Order shall issue.